Gregory K. Nelson, Esq., CSB No. 203029
Email: nelson@weeksnelson.com
Chandler G. Weeks, Esq., CSB No. 245503
Email: cgw@weeksnelson.com
WEEKS NELSON
462 Stevens Avenue, Suite 310
Solana Beach, CA 92075
Telephone: (858) 794-2140
Fax: (858) 794-2141
Email: Office@weeksnelson.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ONE 3 TWO, INC.**, a California corporation, | Case No.: **'14CV2697 AJB MDD** |
| Plaintiff, | COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND FALSE DESIGNATION OF ORIGIN |
| vs. | |
| **ZAZZLE INC.,** a California corporation, | DEMAND FOR JURY TRIAL |
| Defendant. | |

Complaint

1

Plaintiff One 3 Two, Inc. (hereinafter referred to as "Obey" or "Plaintiff") hereby complains of Defendant Zazzle Inc. (hereinafter referred to collectively as "Zazzle" or "Defendant") and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction over this action is founded upon 15 U.S.C. § 1121 and 28 U.S.C. § 1331.  Venue is proper under 28 U.S.C. §§ 1391(b) and (c), this claim having arisen and Defendant doing business in this district.

## THE PARTIES

2. Plaintiff One 3 Two, Inc. is a corporation organized and existing under the laws of the State of California, having its principal place of business at 17462 Von Karman Ave., Irvine, California 92614, and doing business within this judicial district. One 3 Two, Inc. does business as Obey Clothing.

3. Plaintiff is informed and believes, and thereupon alleges that Defendant Zazzle Inc. is a California corporation with its principal place of business located at 1900 Seaport Blvd., Floor 4, Redwood City, California 94063. Plaintiff is informed and believes, and thereupon alleges, that Defendant is doing business within this judicial district at least on its website, www.zazzle.com, and has been offering for sale or selling goods, including the accused goods, directly to consumers, and selling into the stream of commerce knowing such products would be sold in this judicial district.

## FACTUAL BACKGROUND

4. The Obey and Disobey marks are widely recognized in the apparel industry. Obey Clothing was founded in the early millennium based on the art, designs and ideals of Shepard Fairey, whose street art evolved into apparel and other goods. With biting sarcasm verging on reverse psychology, Fairey's art and the company's marketing incorporates references to either "Obey" or "Disobey" to draw attention against propagandists out to bend the world to their agendas.

5. Plaintiff is the exclusive licensee of U.S. Registered Trademark No. 3,282,078 for "OBEY" for stickers and posters in class 16, handbags, backpacks, wallets and leather key chains in class 18 and clothing, namely, shirts, t-shirts, knit shirts, woven shirts, pants, shorts, jackets, sweatshirts, sweaters, belts, scarves, beanies and hats in class 25. The registration issued on August 21, 2007. A true and correct copy of this trademark registration is attached hereto and incorporated by reference as Exhibit 1.

6. Plaintiff is the owner of U.S. Registered Trademark No. 3,592,057 for "DISOBEY" for clothing, namely t-shirts in class 25. The registration issued on March 17, 2009. A true and correct copy of this trademark registration is attached hereto and incorporated by reference as Exhibit 2.

7. Obey's products, and their connection with the Obey trademarks, have become, through public acceptance, a distinctive designation of the source of origin of goods offered by Obey and an asset of incalculable value as a symbol of Obey, its quality goods. Obey has expended money in the promotion of its company and Obey/Disobey products. As a result of these promotional efforts, both trademarks have become and are now known to be connected to Obey and are recognized in this district and elsewhere as emanating from and authorized by Obey.

8. Plaintiff's trademarks have been in continuous use and have never been abandoned, and are associated with the good will of the business of Obey. Plaintiff continues to preserve and maintain its rights with respect to these trademarks.

9. Plaintiff is informed and believes, and thereupon alleges, that Defendant is making, advertising, and/or selling goods using the marks "OBEY" and "DISOBEY." Plaintiff is informed and believes, and thereupon alleges, that each is used on t-shirts, shirts, sweatshirts and other goods offered for sale, made, and sold by the Defendant.

10. Plaintiff is informed and believes, and thereupon alleges, that Zazzle has a catalogue of images and marks that it makes available to its customers to print on t-shirts, apparel and other goods and wares. Plaintiff is informed and believes, and thereupon alleges, that in the case of a t-shirt, the customer chooses an image from Zazzle's catalogue of images, chooses a size and color of shirt, and places the order. Plaintiff is informed and believes, and thereupon alleges, that Zazzle then prints the t-shirt and ships it to the customer.

11. Plaintiff is informed and believes, and thereon alleges, that Defendant and its agents, employees, and servants have advertised and sold products bearing the trademarks referred to above, which advertisements and products sold are confusingly similar to Plaintiff's registered trademarks, and are, therefore, an infringement of Obey's above described trademarks. Indeed, where Defendant is using the identical or substantially indistinguishable versions of Obey's marks, Defendant's sales are counterfeit under the trademark laws of the United States.

12. Defendant's marketing and advertising have exacerbated the likelihood of confusion between the Obey and Zazzle products, and capitalizes on the goodwill and reputation associated with Obey. For example, Zazzle promotes the fact that several major brands, including Disney and Hallmark, offer their marks and images on Zazzle's website for customers to create their individualized products. Obey and its marks, however, are not approved or authorized for use by Zazzle, on Zazzle's website or inclusion in Zazzle's online catalog for any advertising purposes. Yet, when shown next to other authorized brands, there is no disclaimer that the Obey marks are in fact unauthorized counterfeits. To the public, however, this marketing creates a likelihood of confusion as to the authorization of the goods advertised and sold by Zazzle. Obey is informed and believes, and thereupon alleges, that the marketing and sale of Zazzle's goods will erode Obey's incalculable goodwill associated with its trademarks, as asserted in this complaint.

13. Plaintiff is informed and believes, and thereupon alleges, that

Defendant is on actual notice of Obey's proprietary rights in its trademark based on Defendant's business and the inclusion of identical versions of Obey's marks. Moreover, Obey caused a cease and desist letter to be sent to Zazzle on or about October 14, 2014. Plaintiff is informed and believes, and thereupon alleges that in response to that communication, and despite having a validation process, Zazzle chose not to remove the Obey/Disobey marks from its catalogue or to cease sales as requested. Further, Plaintiff is informed and believes, and thereupon alleges, that Defendant has received constructive notice of Obey's trademarks as Obey caused the trademarks to be placed plainly on advertisements and/or packaging. Despite this actual and constructive knowledge, Defendant has continued to infringe Obey's trademark rights. Accordingly, on information and belief, Defendant's infringement has been willful and wanton.

14. Obey is further informed and believes and thereupon alleges that the presence of Defendant's products in the marketplace using the accused marks damages the value of Obey's exclusive rights. The presence of the products in the marketplace using a mark that is the same or substantially similar to Obey's trademarks is likely to diminish the apparent exclusivity of genuine Obey products, thereby dissuading potential customers who otherwise would have sought Obey products. Upon information and belief, Obey alleges that such deception has misled and continues to mislead and confuse many of the purchasers to buy the products sold by Defendants and/or has misled non-purchasers to believe the products emanate from or are authorized by Obey.

15. Obey is informed and believes and thereupon alleges that the sale of Defendant's products using Obey's trademarks has and will result in lost sales, reduce the business and profit of Obey, and will greatly injure the general reputation of Obey, all to Obey's damage in an amount not yet fully determined.

16. The exact amount of profits realized by Defendant as a result of its infringing activities, are presently unknown to Obey, as is the exact amount of

Complaint

damages suffered by Obey as a result of said activities. These profits and damages cannot be accurately ascertained without an accounting. Further, Defendant's actions are irreparably injuring Obey and will continue unless and until enjoined by this court.

# FIRST CLAIM FOR RELIEF

## Trademark Infringement Under 15 U.S.C. § 1114

17. The allegations of paragraphs 1 through 16 are repled and realleged as though fully set forth herein.

18. This is a claim for trademark infringement, and arises under 15 U.S.C. § 1114 against Defendant.

19. Jurisdiction is founded upon 15 U.S.C. § 1121.

20. Obey is the exclusive licensee of U.S. Registered Trademark No. 3,282,078 for OBEY, which confers the exclusive right to use this trademark in commerce in association with the identified goods. A true and correct copy of U.S. registered Trademark No. 3,282,078 is attached hereto as Exhibit 1.

21. The mark has been in use in commerce in connection with the sale of Obey Clothing apparel and related goods continuously since at least as early as its date of issuance. The marks appear clearly on packaging, advertisements, product brochures, and on products.

22. Defendant, through its agents, employees and servants, has manufactured, imported, advertised, offered for sale, and/or sold products embodying this registered mark without authority from Obey for doing so. Specifically, Defendant is selling apparel that Plaintiff believes infringes its rights in the registered trademark.

23. Plaintiff is informed and believes, and thereupon alleges, that Defendant's use of the OBEY mark in commerce constitutes trademark infringement.

24. Plaintiff is informed and believes, and thereupon alleges, that Defendant's unauthorized use of Obey's registered OBEY mark has caused or is likely to cause confusion in the marketplace as to the source of origin of Defendant's products and has caused damage to Obey within this jurisdictional district.

25. Plaintiff is informed and believes, and thereupon alleges, that Defendant willfully infringed upon Obey's exclusive rights under its trademark with the intent to trade upon the good will of Obey and to injure Obey.

26. Plaintiff has been damaged in this judicial district as a result of the Defendant's infringement of its registered OBEY mark. Plaintiff is informed and believes, and thereupon alleges, that Defendant has derived, received, and will continue to derive and receive from the aforesaid acts of infringement, gains, profits, and advantages in an amount not yet ascertainable, but will be determined at the time of trial. Plaintiff seeks compensation in an amount equal to its lost profits or the Defendant's profits, as well as treble damages, all pursuant to 15 U.S.C. § 1117.

27. Further, Plaintiff believes, and thereupon alleges, that the Defendant is using the identical or substantially indistinguishable versions of the registered mark. Thus, Defendant's products are considered counterfeit under 15 U.S.C. § 1116. Plaintiff is entitled to and seeks recovery of statutory damages for counterfeit sales under 15 U.S.C. § 1117.

28. Plaintiff is informed and believes, and thereupon alleges, that Defendant will continue to infringe the registered mark to the great and irreparable injury of Obey, for which Obey has no adequate remedy at law unless Defendant is enjoined by this court, as authorized by 15 U.S.C. § 1116.

… … …

… … …

… … …

Complaint

## SECOND CLAIM FOR RELIEF

### Trademark Infringement Under 15 U.S.C. § 1114

29. The allegations of paragraphs 1 through 16 are repled and realleged as though fully set forth herein.

30. This is a claim for trademark infringement, and arises under 15 U.S.C. § 1114 against Defendant.

31. Jurisdiction is founded upon 15 U.S.C. § 1121.

32. Obey is the owner of U.S. Registered Trademark No. 3,592,057 for DISOBEY, which confers the exclusive right to use this trademark in commerce in association with the identified goods. A true and correct copy of U.S. registered Trademark No. 3,592,057 is attached hereto as Exhibit 2.

33. The mark has been in use in commerce in connection with the sale of Obey Clothing apparel and related goods continuously since at least as early as its date of issuance. The marks appear clearly on packaging, advertisements, product brochures, and on products.

34. Defendant, through its agents, employees and servants, has manufactured, imported, advertised, offered for sale, and/or sold products embodying this registered mark without authority from Obey for doing so. Specifically, Defendant is selling apparel that Plaintiff believes infringes its rights in the registered trademark.

35. Plaintiff is informed and believes, and thereupon alleges, that Defendant's use of the DISOBEY mark in commerce constitutes trademark infringement.

36. Plaintiff is informed and believes, and thereupon alleges, that Defendant's unauthorized use of Obey's registered DISOBEY mark has caused or is likely to cause confusion in the marketplace as to the source of origin of Defendant's products and has caused damage to Obey within this jurisdictional district.

37.     Plaintiff is informed and believes, and thereupon alleges, that Defendant willfully infringed upon Obey's exclusive rights under its trademark with the intent to trade upon the good will of Obey and to injure Obey.

38.     Plaintiff has been damaged in this judicial district as a result of the Defendant's infringement of its registered DISOBEY mark. Plaintiff is informed and believes, and thereupon alleges, that Defendant has derived, received, and will continue to derive and receive from the aforesaid acts of infringement, gains, profits, and advantages in an amount not yet ascertainable, but will be determined at the time of trial. Plaintiff seeks compensation in an amount equal to its lost profits or the Defendant's profits, as well as treble damages, all pursuant to 15 U.S.C. § 1117.

39.     Further, Plaintiff believes, and thereupon alleges, that the Defendant is using the identical or substantially indistinguishable versions of the registered mark.  Thus, Defendant's products are considered counterfeit under 15 U.S.C. § 1116. Plaintiff is entitled to and seeks recovery of statutory damages for counterfeit sales under 15 U.S.C. § 1117.

40.     Plaintiff is informed and believes, and thereupon alleges, that Defendant will continue to infringe the registered mark to the great and irreparable injury of Obey, for which Obey has no adequate remedy at law unless Defendant is enjoined by this court, as authorized by 15 U.S.C. § 1116.

### THIRD CLAIM FOR RELIEF
### False Designation of Origin, Unfair Competition
### and False Description Under 15 U.S.C. § 1125(a)

41.     The allegations of paragraphs 1 through 40 are repled and realleged as though fully set forth herein.

42.     This is an action for unfair competition, false designation of origin of goods, and false description or representation of goods against Defendant, pursuant to 15 U.S.C. § 1125(a).

43. Jurisdiction is founded upon 15 U.S.C. § 1121.

44. Obey is the exclusive licensee or owner, respectively, of the trademarks set forth herein and in Exhibits 1 and 2 of the complaint. Obey has gained great recognition in the industry and the consuming public for its product using this mark, which has been widely recognized as emanating from Obey.

45. Plaintiff is informed and believes, and thereupon alleges that Defendant was aware of Obey's use of the OBEY and DISOBEY marks prior to its use of the marks. Consequently, Obey is informed and believes, and thereupon alleges, that Defendant intentionally chose to use these marks to free ride on the goodwill and reputation of Obey to Defendant's advantage.

46. Obey is informed and believes and thereupon alleges that Defendant's use of the OBEY and DISOBEY marks on apparel and other products constitutes a false designation of origin, a false description or representation of goods, and wrongfully and falsely represents to the consuming public that the Zazzle products originated from or somehow are authorized by Obey. These acts amount to utilizing a false designation of origin and a false description or representation in interstate commerce to compete unfairly with Obey. The Defendant's acts are in violation of 15 U.S.C. § 1125(a), and will continue to the great and irreparable injury of Obey unless enjoined by this Court.

47. Obey is informed and believes, and thereupon alleges, that Defendant's unauthorized use of the OBEY and DISOBEY marks has caused confusion, or is likely to cause confusion, in the marketplace as to the source of origin of Defendant's products and has caused damage to Obey within this jurisdictional district.

48. Obey is informed and believes, and thereupon alleges, that Defendant willfully infringed upon Obey's exclusive rights under its trademark with the intent to trade upon the good will of Obey and to injure Obey.

49.     Obey has been damaged in this judicial district as a result of the Defendant's infringement of its trademark. Obey is informed and believes, and thereupon alleges, that Defendant has derived, received, and will continue to derive and receive from the aforesaid acts of infringement, gains, profits, and advantages in an amount not yet ascertainable, but will be determined at the time of trial.

50.     Obey is informed and believes, and thereupon alleges, that Defendant will continue to infringe its OBEY and DISOBEY marks to the great and irreparable injury of Obey, for which Obey has no adequate remedy at law unless Defendant is enjoined by this court.

WHEREFORE, Plaintiff prays as follows:

1.     That Defendant be adjudicated to have infringed Obey's U.S. Trademark Registration No. 3,282,078 for "OBEY," and that the trademark is valid, enforceable, exclusively licensed by Obey and has inherent meaning and/or has acquired secondary meaning;

2.     That Defendant be adjudicated to have infringed Obey's U.S. Trademark Registration No. 3,592,057 for "DISOBEY," and that the trademark is valid, enforceable, owned by Obey and has inherent meaning and/or has acquired secondary meaning;

3.     That Defendant, and its agents, servants, employees, and attorneys and all persons in active concert and participation with them, be enjoined and restrained, during the pendency of this action and permanently thereafter from:

   A.     Using the marks "OBEY" or "DISOBEY," or any mark similar thereto in connection with the sale of its goods;

   B.     Committing any acts which may cause purchasers to believe that the Defendant or its products are sponsored or authorized by, or are in any way associated with Plaintiff;

    C. Selling, passing off, or inducing or enabling others to sell or pass off any products as products produced by Plaintiff, which products are not Plaintiff's or are not produced under the control and supervision and approved by Plaintiff; or

    D. Infringing Plaintiff's trademark rights;

  4. That Defendant, its agents, servants, employees and attorneys and all persons in active concert or participation with them, be enjoined and restrained, during the pendency of this action, and permanently thereafter from advertising or selling products in any manner that does or tends to dilute the distinctive value of Obey's trademarks set forth herein;

  5. That Defendant be directed to file with this court and serve upon Obey within 30 days after the service of the injunction, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

  6. That Defendant be required to account to Obey for any and all profits derived by it, and all damages sustained by Obey by reason of Defendant's trademark infringement, unfair competition and false designation of origin, as set forth herein, together with interest and costs;

  7. For damages for trademark infringement and false designation of origin pursuant to 15 U.S.C. § 1117(a);

  8. For treble damages under 15 U.S.C. § 1117(b);

  9. For statutory damages under 15 U.S.C. § 1117(c);

  10. That an award of reasonable costs, expenses, and attorneys' fees be awarded against Defendant pursuant to 15 U.S.C. § 1116(a);

  11. That Defendant be ordered to compensate Obey in an amount equal to the amount of marketing and advertising costs that Defendant has expended to market and advertise its products, so that Obey may run its own marketing and advertising campaign to disassociate the products of Obey and Defendant, mitigate

the damage caused by the likelihood of confusion, and to recoup its lost market share or damages to its marketing and reputation; and

12. That Obey have such other and further relief as the circumstances of this case may require and as this court may deem just and proper.

DATED: November 13, 2014           WEEKS NELSON

                                   */s/ Gregory K. Nelson*_____
                                   GREGORY K. NELSON
                                   Attorney for Plaintiff

## JURY DEMAND

Plaintiff One 3 Two, Inc. hereby requests a trial by jury in this matter.

DATED: November 13, 2014           WEEKS NELSON

                                   */s/ Gregory K. Nelson*_____
                                   GREGORY K. NELSON
                                   Attorney for Plaintiff

Complaint